```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

CHANTELLE TUCKER,

              Plaintiff,
v.                                   Case No. 8:12-cv-1429-T-33TGW

CHERRYDEN, LLC, d/b/a Denny's
Restaurant,

              Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiff Chantelle Tucker's Motion for Entry of Default Judgment (Doc. # 7), filed on August 14, 2012, Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. # 16), filed on September 7, 2012, and Defendant Cherryden, LLC's Motion to Set Aside Default and Response to Plaintiff's Motion for Default Judgment (Doc. # 17), filed on September 7, 2012.

For the reasons that follow, the Court grants Defendant's Motion to Set Aside Default, denies as moot Plaintiff's Motion to Strike and Motion for Default Judgment, and cancels the hearing previously set for September 13, 2012.

**I.  Background**

Plaintiff, a line cook, filed this action against Defendant, her former employer, on June 28, 2012, alleging violations of the Pregnancy Discrimination Act, Title VII of

the Civil Rights Act, and the Florida Civil Rights Act following her termination from a Denny's Restaurant. (Doc. # 1).

Defendant was served with the Complaint and a Summons in a Civil Action on July 3, 2012. (Doc. # 4). Defendant failed to timely respond to the Complaint. Plaintiff promptly moved for the entry of Clerk's default, and on July 31, 2012, the Clerk entered its default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. # 6). Plaintiff filed her Motion for Entry of Default Judgment (Doc. # 7) on August 14, 2012. On August 17, 2012, this Court set a hearing on the Motion for Default Judgment for September 13, 2012, and requested further briefing from Plaintiff on the issue of damages as well as other matters.

On August 22, 2012, Defendant filed its Answer and Affirmative Defenses. (Doc. # 11). On September 7, 2012, Plaintiff filed her Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. # 16), and Defendant filed its Motion to Set Aside Default (Doc. # 17). In the Motion to Set Aside Default, Defendant explains that "through an administrative mishap," the Summons and Complaint were not timely furnished to Defendant's counsel after service upon Defendant's corporate representative. (Doc. # 17 at 2).

Counsel for Defendant explains that he promptly secured local counsel and filed the Answer and Affirmative Defenses days later. Counsel for Defendant emphasizes that he filed nineteen Affirmative Defenses and believes that Defendant has a number of meritorious defenses to this action.

## II. Analysis

To overcome the Clerk's default against it, Defendant must show good cause pursuant to Rule 55(c), Fed. R. Civ. P. In Tyco Fire & Security, LLC v. Alcocer, 218 F. App'x 860 (11th Cir. 2007), the court explained, "[t]he entry of a default against a defendant, unless set aside pursuant to Rule 55 (c), severely limits the defendant's ability to defend the action." Id. at 863. The court further explained, "while a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." Id. (internal citations omitted). On the other hand, the Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

In balancing these considerations and determining whether to set aside a Clerk's entry of default, courts generally evaluate the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. <u>Compania Interamerica Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996).

Under the circumstances of this case, the Court determines that it is appropriate to set aside the Clerk's default. The default was neither willful nor culpable. In addition, Defendant has filed its Answer and Affirmative Defenses evidencing potentially meritorious defenses. Among other Defenses, Defendant contends that Plaintiff failed to exhaust administrative remedies and failed to file a timely charge of discrimination with the EEOC. Defendant also asserts that Plaintiff is estopped from pursuing this action and that she waived her right to assert the claims contained in her Complaint. Defendant also asserts the defenses of unclean hands and laches. Furthermore, Defendant raises a statute of limitations defense.

In addition, the Court finds that Plaintiff will not suffer any prejudice if the default is set aside. This action

4

is in its infancy, and setting aside the default will not compromise Plaintiff's claims in any way. Plaintiff merely secured a Clerk's default, as opposed to a final default judgment, and the passage of time between the entry of Clerk's default and Defendant's Motion to Set Aside Default, 39 days, does not warrant the drastic penalty of forever depriving Defendant of its ability to defend against this action.

Based on these considerations and the strong policy in favor of deciding cases on their merits, the Court grants the Motion to Set Aside Default, and denies as Moot Plaintiff's Motion to Strike Answer and Affirmative Defenses and Plaintiff's Motion for Entry of Default Judgment. The Court will allow this case to proceed on the merits without delay. The next step required by the Court's Local Rules is the filing of a Case Management Report as delineated in Local Rule 3.05. The Court will not tolerate any further delay in this action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Set Aside Default (Doc. # 17) is **GRANTED.** The Clerk is directed to set aside the Default (Doc. # 6) entered on July 31, 2012.

5

(2) Plaintiff's Motion for Entry of Default Judgment (Doc. # 7) and Plaintiff's Motion to Strike Defendant's Answer (Doc. # 16) are **DENIED AS MOOT**.

(3) The hearing previously scheduled for September 13, 2012, is cancelled.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record